UNITED STATES v. DENVER & R. G. R. CO.

(Circuit Court of Appeals Eighth Circuit.   February 23, 1918.)

No. 4937.

MASTER AND SERVANT ⬦13—HOURS OF SERVICE ACT—VIOLATION—LIABILITY —"PERMITTED."

Where a telegraph operator employed by defendant, who performed duties for and was subject to the orders of a second railroad company, which through an accounting between the two companies made contributions to his salary, was required by the second company to remain on duty longer than allowed by Hours of Service Act March 4, 1907, c. 2939, 34 Stat. 1415 (Comp. St. 1916, §§ 8677–8680), defendant is liable for the penalty prescribed, whether the operator be treated as a joint employé of the two companies or as an employé of defendant alone, for in any case defendant was bound to see that such operator did not remain on duty for an excess period, and, if defendant failed, it "permitted" the operator to perform excess service in violation of the act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Permit.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by the United States against the Denver & Rio Grande Railroad Company to recover a penalty for violation of the Hours of Service Act. There was a judgment for defendant, dismissing the action, and plaintiff brings error. Reversed.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John A. Gordon, Asst. U. S. Atty., of Denver, Colo., and Philip J. Doherty, Sp. Asst. U. S. Atty., of Washington, D. C. (Harry B. Tedrow, U. S. Atty., of Denver, Colo., on the brief), for the United States.

J. G. McMurry, of Denver, Colo. (E. N. Clark, of Denver, Colo., on the brief), for defendant in error.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

AMIDON, District Judge. This is an action by the United States against the Denver & Rio Grande Railroad Company to recover a penalty for violation of the Hours of Service Act. The alleged violation grows out of permitting a telegraph agent at the station of Portland, in Colorado, to remain on duty beyond the limits fixed by the statute. The defendant's line is intersected at that point by the line of the Santa Fé Road. The operator is employed by the Rio Grande Company, and paid by it, and then the Santa Fé makes its contribution to the salary through the accounting between the two companies. The agent was, however, by reason of a contract between the companies, subject to the direction of the train dispatcher and officers of each company in the performance of his duties. The case was tried upon the pleadings and an agreed statement of facts. The trial court dismissed the action, and the government appeals.

The following is a summary of the controlling facts, somewhat reduced from the statement in the brief of counsel for the government. The operator was a joint employé of the defendant and the Santa Fé Company. For the services performed for the defendant the agent received his instructions directly from its chief dispatcher and other officials, and for services performed for the Santa Fé he received his instructions directly from the chief dispatcher and other officials of that company. The regular hours of his service were from 7:15 a. m. to 7:15 p. m. On June 17, 1915, he went on duty at his regular time at 7:15 a. m., and remained on duty until 8:45 p. m. Knowing that a train on the Santa Fé line was due to pass Portland about 7 o'clock p. m., he inquired of the train dispatcher of that company about handling said train, and was advised by the train dispatcher that the train might be expected through Portland at any time after 7 o'clock, and that he should attend to it on its arrival, giving it proper clearance through the interlocking plant. In response to this order he remained on duty until the train arrived at 8:45 p. m. and performed the desired service. The officers, agents and representatives of defendant, except only the operator himself, were not aware of the instructions of the train dispatcher of the Santa Fé, just referred to, nor of the operator's intention to remain on duty. After 7:15 p. m. the operator performed no service for defendant, but his services from 7:15 to 8:45 were wholly for the Santa Fé Company in the clearance of said train. For the overtime involved in this service defendant paid the operator, and was repaid by the Santa Fé Company. The officers and agents of the defendant, who allowed and paid the op-

erator's claim for overtime, had no knowledge that the overtime claimed by him involved a violation of the Hours of Service Act.

The decision of the trial court was wrong. That is so whether the agent be treated as the joint employé of both companies, or as an employé of the Rio Grande Company who, by arrangement between the two railroad companies, was subject to direction by the Santa Fé. It may be that if the government had sued the Santa Fé it would have been liable because it "required" the excess service. It does not follow, however, that the Rio Grande was not also liable. The agent was its agent, was employed and paid by it, and was at the post of duty to which that company assigned him. It could not escape liability by showing that the Santa Fé Company was the more primary cause of the excess service. Its duty under the statute still remained imperative. It was bound to see to it that the agent did not remain on duty for an excess period. If it failed to discharge that duty, it "permitted" the employé to perform the excess service, and was liable to the penalty fixed by the statute.

The judgment is reversed.